**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                                                       BKY No. 21-41171
                                                                                              Chapter 7
Natalia Rose Nevin,

      Debtor.

---

**NOTICE OF HEARING AND MOTION FOR ORDER REQUIRING**
**COREPATH WEALTH PARTNERS, LLC TO TURN OVER RECORDS**

---

1.    Randall L. Seaver, the Chapter 7 trustee ("Trustee") herein, moves the court for the relief request below and gives notice of hearing herewith.

2.    The Court will hold a hearing on this motion at <u>11:00</u> a.m. on <u>Wednesday, February 9, 2022</u>.  The hearing will be held telephonically.  Please contact Judge Tanabe's calendar clerk by email at mnb_tanabe_hearings@mnb.uscourts.gov or by telephone at 651-848-1051 to obtain the telephonic information.

3.    Any response to this motion must be filed and served by delivery not later than <u>Friday, February 4, 2022</u>, which is five days before the time set for the hearing (including Saturdays, Sundays and holidays).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.    This Court has jurisdiction over this motion under 28 U.S.C. § 157 and § 1334 and Bankruptcy Rule 5005.  This motion is filed under Local Rule 9013-2, this proceeding arises under 11 U.S.C. § 542(e).

5.    The petition commencing the Chapter 7 case was filed on June 29, 2021 ("Petition Date").  The case is now pending in this court.

6.    The Trustee seeks an Order requiring the turnover of documents from CorePath Wealth Partners, LLC ("CorePath") pursuant to 11 U.S.C. § 542(e), which states as follows:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

7. The Trustee has received a copy of an Asset Purchase Agreement and Compensation Agreement dated September 29, 2020, which evidences a sale of client accounts from Natalia Nevin and her father Kevin Nevin, as sellers, to CorePath as buyer.

8. The Trustee seeks documents from CorePath relating that pre-petition transfer, and requests an Order of the Court requiring CorePath to turnover to the trustee pursuant to 11 U.S.C. § 542(e), the following documents:

   a. Copies of any and all communications between CorePath and any of its agents, on one hand, and Natalia Nevin or Kevin Nevin, on the other hand, which relate in any way to the purchase of the accounts or assets evidenced by the September 29, 2020 asset purchase agreement. Documents should include all negotiations, whether in written or electronic form.

   b. Copies of documents evidencing payments from CorePath to Natalia Nevin or Kevin Nevin, made on account of the September 29, 2020 asset purchase agreement or compensation agreement. For payments made under the compensation agreement, provide any documents evidencing the calculation of how the payment amount was determined.

   c. Copies of any and all communications between CorePath and any of its agents, on one hand, and Natalia Nevin or Kevin Nevin, on the other hand, relating to the compensation agreement, including services required thereunder and discussion concerning payments.

WHEREFORE, the Trustee seeks an order of the Court compelling CorePath Wealth Partners, LLC to turn over to the Trustee within ten (10) days from the entry of the order on this motion, at 12400 Portland Ave. S., Suite 132, Burnsville, MN 55337 the following documents:

1. Copies of any and all communications between CorePath and any of its agents, on one hand, and Natalia Nevin or Kevin Nevin, on the other hand, which relate in any way to the purchase of the accounts or assets evidenced by the September 29, 2020 asset purchase agreement. Documents should include all negotiations, whether in written or electronic form.

    2.      Copies of documents evidencing payments from CorePath to Natalia Nevin or Kevin Nevin, made on account of the September 29, 2020 asset purchase agreement or compensation agreement. For payments made under the compensation agreement, provide any documents evidencing the calculation of how the payment amount was determined.

    3.      Copies of any and all communications between CorePath and any of its agents, on one hand, and Natalia Nevin or Kevin Nevin, on the other hand, relating to the compensation agreement, including services required thereunder and discussion concerning payments.

**FULLER, SEAVER & SWANSON, P.A.**

Dated: January 19, 2022

By: /e/ Matthew D. Swanson
Matthew D. Swanson          390271
12400 Portland Avenue South, Suite 132
Burnsville, MN 55337
(952) 890-0888

Attorneys for Randall L. Seaver, Trustee

## VERIFICATION

I, Randall L. Seaver, trustee for the bankruptcy estate named in the foregoing notice of hearing and motion for turnover of records, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on January 19, 2022

/e/ Randall L. Seaver
Randall L. Seaver, Trustee

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                              BKY No. 21-41171
                                                                    Chapter 7
Natalia Rose Nevin,

    Debtor.

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2022, I caused the following documents:

1. Notice of Hearing and Motion for Turnover of Records;
2. Unsworn Certificate of Service; and
3. Order Regarding Turnover (proposed).

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail, postage pre-paid to the following:

NATALIA ROSE NEVIN
817 W 57TH ST.
Minneapolis, MN 55419

John D. Lamey, III
Lamey Law Firm, P.A.
980 Inwood Ave N
Oakdale, MN 55128

Mark Bonnett
CorePath Wealth Partners, LLC
7114 E. Stetson Dr., #205
Scottsdale, AZ 85251
via email:
mark.bonnett@corepathwealth.com

Benjamin Skjold
Corporate Law Partners, PLLC
One Main Street SE, Suite 206
Minneapolis, MN 55414
via email:
bskjold@corporatelawpartners.com

Dated: January 19, 2022        By: /e/ Matthew D. Swanson
                                   Matthew D. Swanson

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Natalia Rose Nevin,

    Debtor.

BKY No. 21-41171
Chapter 7

**ORDER**

This case is before the court on the trustee's motion for turnover of records relating to the financial affairs of the debtor. Appearances, if any, were noted upon the record.

Upon the motion and the files,

IT IS ORDERED: Within ten (10) days of the entry of this Order, CorePath Wealth Partners, LLC shall turnover the following records to Randall L. Seaver, Trustee at 12400 Portland Ave. S., Suite 132, Burnsville, MN 55337:

1. Copies of any and all communications between CorePath and any of its agents, on one hand, and Natalia Nevin or Kevin Nevin, on the other hand, which relate in any way to the purchase of the accounts or assets evidenced by the September 29, 2020 asset purchase agreement. Documents should include all negotiations, whether in written or electronic form.

2. Copies of documents evidencing payments from CorePath to Natalia Nevin or Kevin Nevin, made on account of the September 29, 2020 asset purchase agreement or compensation agreement. For payments made under the compensation agreement, provide any documents evidencing the calculation of how the payment amount was determined.

3. Copies of any and all communications between CorePath and any of its agents, on one hand, and Natalia Nevin or Kevin Nevin, on the other hand, relating to the compensation agreement, including services required thereunder and discussion concerning payments.

Dated:

                                                  Kesha L. Tanabe
                                                United States Bankruptcy Judge