UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

                                               Chapter 7

Natalia Rose Nevin,

                                               Bankruptcy No. 21-41171

        Debtor.

---

## NOTICE OF HEARING AND MOTION FOR CONTEMPT OF COURT

---

TO:   Parties specified in Local Rule 9013-3:

1. The undersigned, counsel to the Acting United States Trustee ("UST"), moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion on Thursday, February 17, 2022, at 2:30 p.m. The hearing will be held telephonically. Please contact Judge Tanabe's calendar clerk by email at mnb_tanabe_hearings@mnb.uscourts.gov or by telephone at 651-848-1051 to obtain the telephonic information.

3. Any response to this motion must be filed and delivered not later than Friday, February 11, 2022, which is five days before the time set for the hearing (excluding certain weekend days). UNLESS A RESPONSE TO THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and

1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. The proceeding is a core proceeding. The petition commencing this chapter 7 case was filed on June 29, 2021. The case is now pending in this Court.

5. The motion arises under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9014, 9016(g), and 9020. The plaintiff seeks relief with respect to the failure of Kevin Nevin to comply with a subpoena.

6. The UST obtained an order from this Court authorizing the UST to examine Mr. Nevin under Fed. R. Bankr. P. 2004 on December 8, 2021. (*See* Kreuziger Decl., Ex. 1.)

7. The UST arranged for personal service of a subpoena to Mr. Nevin on January 3, 2022. (Kreuziger Decl., Ex. 2.) Due to a miscommunication between the UST and the process server, the process server erroneously served Mr. Nevin with an unsigned subpoena commanding Mr. Nevin to appear at the Office of the United States Trustee, 300 S. 4th St., Suite 1015, Minneapolis, MN 55415, on January 10, 2022, at 10:00 a.m. for a Rule 2004 examination. (*Id.*) The subpoena also required Mr. Nevin to produce certain documents to the UST at the scheduled examination. (*Id.*)

8. Mr. Nevin did not appear for the Rule 2004 examination on January 10, 2022, at 10:00 a.m. (Kreuziger Decl., ¶ 2.)

9. The UST then arranged for personal service of a subpoena to Mr. Nevin on

    January 12, 2022. (Kreuziger Decl., Ex. 3.) The subpoena, issued on January 11, 2022, commanded Mr. Nevin to appear at the Office of the United States Trustee, 300 S. 4th St., Suite 1015, Minneapolis, MN 55415, on January 24, 2022, at 10:00 a.m. for a Rule 2004 examination. (*Id.*) The subpoena also required Mr. Nevin to produce certain documents to the UST at the scheduled examination. (*Id.*)

10. Mr. Nevin was also personally served with a letter from the undersigned indicating that, should Mr. Nevin prefer to appear for the examination remotely, he could opt to do so by contacting the undersigned via telephone or email. (*Id.*)

11. Mr. Nevin neither appeared for the examination nor contacted the undersigned in any fashion. (Kreuziger Decl., at ¶ 3-4.) Mr. Nevin did not produce any documents in response to the subpoena. (*Id.*, at ¶ 2-3.)

12. For the reasons set forth in the attached memorandum of law, the UST seeks an order of the Court finding Mr. Nevin in civil contempt, and that the Court order that Mr. Nevin may purge himself of the contempt by:

    a. Appearing on Thursday, March 3, 2022, at 10:00 a.m. for an examination at the Office of the United States Trustee, 300 S. 4th St., Suite 1015, Minneapolis, MN 55415.

    b. Producing documents responsive to the subpoena by Thursday, February 25, 2022.

13. The UST also requests that, upon a declaration filed by the UST indicating that Mr. Nevin has failed to purge himself of his contempt, the Court issue a bench warrant for the arrest of Mr. Nevin.

Dated: January 26, 2022               JAMES L. SNYDER
                                                   ACTING UNITED STATES TRUSTEE
                                                   REGION 12

                                   BY:   /e/ Colin Kreuziger
                                                 Colin Kreuziger
                                                 Trial Attorney
                                                 Office of U.S. Trustee
                                                 1015 U.S. Courthouse
                                                 300 South Fourth Street
                                                 Minneapolis, MN 55415
                                                 (612) 334-1350
                                                 Colin.Kreuziger@usdoj.gov
                                                 MN Atty. No. 0386834

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Natalia Rose Nevin,

**Debtor.**

Chapter 7

Bankruptcy No. 21-41171

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR CONTEMPT**

**FACTS**

The facts are as stated in the attached motion for contempt and the declaration of Colin Kreuziger.

**ARGUMENT**

**I.    The Court should find Mr. Nevin in civil contempt of court because he violated a specific order of which he was aware.**

The Bankruptcy Code provides, in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Fed. R. Bankr. P. 9016 incorporates Fed. R. Civ. P. 45(g) provides for a contempt order where "a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(b)(1), provides: "Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage

allowed by law." When a non-party is served with a subpoena pursuant to Fed. R. Civ. P. 45(b)(1), "the method of service needs to be one that will ensure the subpoena is placed in the actual possession or control of the person to be served." *Fireghter's Institute for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000). Although service need not be by personal delivery, it must assure the court that "delivery has occurred." *Id.* A bankruptcy court has the power to issue an order of contempt. *Koehler v. Grant*, 213 B.R. 567, 570 (B.A.P. 8th Cir. 1997.) Bankruptcy courts have the authority to enforce subpoenas and orders by the use of civil contempt. *In re Sciaba*, 334 B.R. 524, 526 (Bankr. D. Mass. 2005).

Civil contempt, in contrast to criminal contempt, is meant to compensate the complaining party and coerce the defendant into complying with the court's mandate. *Hubbard v. Fleet Mortg. Co.*, 810 F.2d 778, 781 (8th Cir. 1987). The court may levy a fine against the party in contempt, which is payable to the moving party or to the court, or the court may order imprisonment. *United States v. Open Access Tech. Intern., Inc.*, 527 F.Supp.2d 910, 912 (D. Minn. 2007); *see also* 28 U.S.C. § 1826(a).

"In a civil contempt proceeding, the moving party must prove, by clear and convincing evidence, that the person allegedly in contempt violated the court's order." *Open Access*, 527 F.Supp.2d at 912. But, "the moving party does not need to show that the violation of the court's order was willful." *Id.* After "the moving party has met its burden, the burden shifts to the nonmoving party to show inability to comply." *Id.* In

2

order to demonstrate an inability to comply, nonmoving parties must establish "'(1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made, in good faith all reasonable efforts to comply.'" *Id.* (quoting *United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 736 (8th Cir. 2001)).

The UST obtained this Court's authority to examine Mr. Nevin pursuant to Fed. R. Bankr. P. 2004. The UST properly served Mr. Nevin personally with the subpoena requiring him to appear for a Rule 2004 examination and to produce certain documents. Mr. Nevin was also informed, via the undersigned's letter, that he could opt to appear remotely for the examination by contacting the undersigned. Mr. Nevin made no effort to appear, he produced no documents, and he made no effort to communicate with the undersigned at all.

In addition, Mr. Nevin had already been put on notice of a Rule 2004 examination and document subpoena when he was previously served on January 3, 2022. The UST concedes that the first subpoena was defective and would not have required Mr. Nevin to comply. But Mr. Nevin's failure to respond in any fashion to *either* subpoena makes it clear that he has no intention of complying unless this Court coerces him to do so. Thus, there is clear and convincing evidence to conclude that Mr. Nevin should be held in contempt.

It does not appear that Mr. Nevin will appear for a Rule 2004 examination or

produce documents unless this Court compels him to do so. Therefore, it is appropriate that this Court utilize the sanction of incarceration to compel Mr. Nevin to appear at a Rule 2004 examination and to produce documents.

## CONCLUSION

The Court should hold Mr. Nevin in contempt of court and allow him to purge himself of the contempt by appearing for examination by the UST and producing subpoenaed documents. The Court should issue a bench warrant for the arrest of Mr. Nevin if he fails to purge himself of the civil contempt as set forth above.

Dated: January 26, 2022

JAMES L. SNYDER
ACTING UNITED STATES TRUSTEE
REGION 12

BY: /e/ Colin Kreuziger
Colin Kreuziger
Trial Attorney
Office of U.S. Trustee
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1350
Colin.Kreuziger@usdoj.gov
MN Atty. No. 0386834

4

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

**In re:**

**Natalia Rose Nevin,**

**Debtor.**

Chapter 7

Bankruptcy No. 21-41171

## UNSWORN CERTIFICATE OF SERVICE

I, Audrey Williams, being duly sworn and under oath, state that:

On January 26, 2022, I filed the following documents, thereby generating electronic service upon all entities registered as CM/ECF users in this case: United States Trustee's Notice of Hearing and Motion for Contempt of Court, Unsworn Declaration of Colin Kreuziger and Exhibits, Memorandum of Law, and Proposed Order. I also served the individuals listed below by first class mail postage prepaid:

**Addressee:**
Natalia Rose Nevin
817 W. 57th Street
Minneapolis, MN 55419

Kevin Nevin
4920 Underwood Lane N, #B
Plymouth, MN 55442

DATE: January 26, 2022

/e/ Audrey Williams
Audrey Williams
Office of the U.S. Trustee

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

**In re:**

**Natalia Rose Nevin,**

    **Debtor.**

Chapter 7

Bankruptcy No. 21-41171

# ORDER

The United States Trustee's motion for contempt of court came before the Court. For reasons stated orally and recorded in open court,

**IT IS ORDERED**:

1. Kevin Nevin is in continuing civil contempt of court for his failure to comply with the United States Trustee's subpoena, issued on January 11, 2022.

2. Kevin may purge himself of the civil contempt identified in Term 1 of this order by:

    a. Appearing on Thursday, March 3, 2022, at 10:00 a.m. for an examination at the Office of the United States Trustee, 300 S. 4th St., Suite 1015, Minneapolis, MN 55415.

    b. Presenting for examination by the UST the subpoenaed documents by 4:30 p.m. on Thursday, February 25, 2022, at the Office of the United States Trustee, 300 S. 4th St., Suite 1015, Minneapolis, MN 55415.

3. If Kevin Nevin complies with Term 2 of this order to the satisfaction of the United States Trustee, the United States Trustee shall give notice to the court of Kevin Nevin's compliance, so that the Court may consider the entry of an order purging Kevin Nevin of civil contempt.

4. If Kevin Nevin does not fully comply with Term 2 of this order, the United States Trustee may serve and file a declaration of non-compliance with the Court that identifies the specific non-compliance. Any failure to comply with Term 2 of this order will be considered a continuing contempt of this order.

5. Upon the filing of a declaration of non-compliance by the United States Trustee, the Court shall order the United States Marshal or any Authorized United States Officer to bring Kevin Nevin under the jurisdiction of the United States and before this Court at a hearing at a date, time, and location to be determined by this Court.

*(Remainder intentionally left blank)*

6. The Clerk shall provide notice of this order via CM/ECF to all entities registered as CM/ECF users in this case, Natalia Rose Nevin at the address listed on the bankruptcy court's docket, and Kevin Nevin. Kevin Nevin's last known address is:

Kevin Nevin
4920 Underwood Lane N, #B
Plymouth, MN 55442

Dated:

                                        Kesha L. Tanabe
                                        United States Bankruptcy Judge