# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                                                                                    Bankr. No. 21-41171 KLT

Natalia Rose Nevin,

       Debtor.                                                                                                  Chapter 7

# ORDER

      This matter came before the Court on the United States Trustee's Unsworn Declaration of Non-Compliance ("Declaration") [ECF No. 55]. The Declaration notified the Court of Kevin Nevin's failure to comply with this Court's February 27, 2022 Contempt Order [ECF No. 45], which is a continuance of his refusal to comply with United States Trustee's discovery requests also authorized by order of this Court. Paragraph 5 of the Contempt Order provided for the Court to issue a Bench Warrant for Mr. Nevin to compel compliance.

In considering the sanction of incarceration requested by the United States Trustee, the Court considers the *United Mine Workers of America* factors:

> [W]here the purpose is to make the defendant comply . . . [the Court] must then consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.

*U.S. v. United Mine Workers of America*, 330 U.S. 258, 304 (1947); accord *Chiganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1224 (8th Cir. 2006).

Here, in considering the sanction as to Mr. Nevin, the Court again considered these factors. Mr. Nevin's refusal to comply deprives the United States Trustee and the Panel Trustee of critical, time-sensitive information related to the disposition of potentially recoverable estate assets. Mr. Nevin's refusal to respond in any manner to repeated efforts by the United States Trustee to obtain compliance, including repeated personal service and the threat of incarceration provided in the Contempt Order, indicate that mere monetary sanction is unlikely to secure compliance.

Accordingly, the Court considers incarceration the "least possible power adequate to the end proposed." *Shillitani v. U.S.*, 384 U.S. 364, 371 (1966); accord *Taylor v. Finch*, 423 F.2d 1277, 1279 (8th Cir. 1970); see also *Coleman v. Espy*, 986 F.2d 1184, 1190 (8th Cir. 1993) ("With coercive contempt penalties, the court issues sanctions such as fines or incarceration to force the offending party to comply with the court's order."); *U.S. v. Open Access Tech. Intern., Inc.*, 527 F.Supp.2d 910, 912 (D. Minn. 2007) ("The Court may levy a fine against the party in contempt, which is payable to the moving party or to the Court, or may order imprisonment."); *In re Boyd*,

17-60096, ECF No. 54 (Bankr. D. Minn. Sept. 10, 2018) (ordering incarceration for civil contempt to compel compliance).

Accordingly, and for reasons already stated in the record,

    IT IS ORDERED:

1. A Bench Warrant for the arrest of Kevin Nevin shall issue.

2. Mr. Nevin shall be brought into the custody of the United States and before this Court for his failure to comply with the Court's Contempt Order [ECF No. 45].

DATED: *March 9, 2022*

_____
Kesha L. Tanabe
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *03/09/2022*
Tricia Pepin, Clerk, by AB